Wesley R. **WILKEN** and Dorothy Wilken, Appellants,

v.

S. Norman **HOLLAND**, Sr., and Pocahontas, Inc., Appellees.

No. 9487.

United States Court of Appeals
Fourth Circuit.

Argued Sept. 28, 1964.

Decided March 5, 1965.

Pierre E. Dostert, Washington, D. C. (Samuel C. Borzilleri, Washington, D. C., on brief), for appellants.

John H. Skeen, Jr., Baltimore, Md., and Hamilton P. Fox, Jr., Salisbury, Md. (William A. Skeen, Baltimore, Md., on brief), for appellees.

Before SOBELOFF, Chief Judge, and FAHY and HAYNSWORTH, Circuit Judges.

PER CURIAM.

In October, 1960, at Salisbury, Maryland, Wesley Wilken and his wife Dorothy executed a contract for the purchase of the PAPOOSE, a 70-foot cargo vessel, from Norman Holland and Pocahontas, Inc. The agreed price was $18,000, and the sale was conditioned upon the PAPOOSE successfully passing a survey to be conducted by the purchasers' marine surveyor, John L. Havenner. The sale was consummated only after the Wilkens had received Havenner's report. Some eleven months after the sale it was discovered that extensive dry rot had caused serious damage to the horn timbers, structural members in the stern of the vessel. The Wilkens then spent approximately six thousand dollars to accomplish necessary repairs.

The purchasers sued the sellers for breach of contract, restitution, breach of express and implied warranties and fraud. In the same action they also sued Havenner for breach of express and implied warranties, fraud and negligence. The District Court, after hearing all of the evidence, directed verdicts in favor of Holland and Pocahontas, Inc., and allowed the suit against Havenner to go to the jury, which rendered a verdict in the sum of $4,000.00 for the Wilkens. The Wilkens appeal only from the direction of verdicts against them in their action against Holland and Pocahontas, Inc., on the theories of express and implied warranties and from the District Court's denial of their motion for a new trial.

## I. WARRANTIES

The theories presented by the Wilkens which are here in question involve sections 30 and 33(1) of the Uniform Sales Act, Article 83, Annotated Code of Maryland (1957 ed.).[1]

The express warranty provision of section 30, by its terms, is applicable only where the buyer purchases goods in reliance upon promises or representations by the seller. Similarly, section 33(1), to support a claim, requires that the buyer rely on the seller's skill and judgment. Because in this case there was no evidence that the Wilkens relied on the sellers—indeed the opposite is established— the District Court was correct in withdrawing the case from the jury. The testimony of the parties as well as the contract itself show that the Wilkens relied not on the seller, as required for recovery on the theories of warranty, but upon the skill and judgment of Havenner, who was their agent. We therefore perceive no error in the District Court's application of these provisions in directing verdicts for defendants.

## II. MOTION FOR NEW TRIAL

During pre-trial discovery, in answer to interrogatories, defendants furnished the name and address of a Cap-

[1]. "30. Definition of express warranty.

Any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon. No affirmation of the value of the goods, nor any statement purporting to be a statement of the seller's opinion only shall be construed as a warranty."

"33. Implied warranties of quality.

(1) Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose."

tain Pryor who, before retirement, had worked as master of the PAPOOSE. The Wilkens did not interview Pryor, take his deposition, or call him as a witness at the trial. However, during a casual discussion with the Wilkens' counsel after the trial, Pryor disclosed the name of a Captain Evans who had succeeded him as master of the PAPOOSE. On the basis of information received from Captain Evans, the Wilkens moved the court for a new trial, alleging, with supporting affidavit, that Captain Evans' testimony would show that the sellers were guilty of fraud. At a hearing on the motion for a new trial Captain Evans' testimony failed to substantiate the affidavit.

The District Court denied the motion both because of the Wilkens' lack of diligence and because Captain Evans' testimony would not materially change the result of the trial. On the basis of the record below, we find no abuse of discretion by the District Court in denying the motion for new trial.

The judgment appealed from will be Affirmed.

FAHY, Circuit Judge, concurs in the result.